**United States District Court**
**District of Connecticut**

-------------------------------------------------------------X

A ROYAL FLUSH, INC.

Plaintiff,

3:18-cv-01206 (VAB)

-against-

ANIR ARIAS,

Defendant.

December , 2018

-------------------------------------------------------------X

# STIPULATED JUDGMENT

Plaintiff A Royal Flush, Inc. ("Plaintiff") and Defendant ANIR ARIAS ("Defendant") hereby stipulate to the following Judgment. This Judgment is intended to reflect the full satisfaction of the claims as alleged by the Parties in the Complaint, Amended Answer and Third-Party Complaint including any demand for legal, equitable or monetary relief.

Pursuant to the Federal Rules of Civil Procedure Rule 68, judgment shall enter as follows:

A. A money judgment against Defendant Arias in the sum of $1,500.00, payable in three installments of $500.00 on December 19, 2018, January 23, 2019 and February 20, 2019 representing any liability for the claims set forth in the Complaint.

B. Injunctive relief against Defendant Arias as follows:

1. Defendant is enjoined from:

a. Breaching the Employee Confidentiality and Non-Disclosure Agreement dated August 24, 2017 between A Royal Flush, Inc., ARF Rental Services, Inc. and A Royal Flush Of New York II, Inc. on the one hand, and Anir Arias on the other hand, and the Restrictive Covenants

Agreement ("RCA") dated December 28, 2017 between A Royal Flush, Inc. and/or A Royal Flush Of New York II, on the one hand, and Anir Arias on the other hand as follows:

i. Soliciting any business from, or performing any services for, any person or entity that at any time during the course of his employment with A Royal Flush, Inc, or its affiliates was a customer or prospective customer of A Royal Flush, Inc, or its affiliates;

ii. Soliciting for employment or engagement, or in any fashion hire, any of the employees, agents or representatives of A Royal Flush Inc. or its affiliates, or otherwise induce any employee, agent or representative of A Royal Flush Inc. or its affiliates, to discontinue or lessen in any respect his/her/its services to or relationship with A Royal Flush, Inc. or its affiliates.

iii. Through July 14, 2019, engage in any business activity or legally, equitably or beneficially, directly or indirectly, participate in any capacity (including, without limitation, as owner, partner, shareholder, member, consultant, employee, agent, officer, or director), where such activity or capacity would be in competition with A Royal Flush, Inc., or its affiliates, in the following areas: Connecticut, Massachusetts, New York, New Jersey and Pennsylvania. This restriction extends until July 14, 2020 for United Site Services, Inc. ("USS").

b. Disclosing any confidential information related to A Royal Flush Inc.'s clients, or those of its affiliates, or any proprietary business information related to A Royal Flush Inc. or its affiliates:

C. Plaintiff specifically acknowledges and agrees that Defendant's personal employment with United Site Services as Premier Trailer Solutions Manager servicing the west coast of the United States only does not violate the RCA or this Judgment.

D. Defendant shall submit statements, under oath, to the Plaintiff, through counsel, beginning on February 20, 2019 and every three months thereafter through July 14, 2020, attesting to his compliance with this Stipulated Judgment.

E. This Judgment satisfies the parties' respective claims for legal, equitable, monetary relief, costs and expenses, attorneys' fees and interest as alleged in the Complaint (Pldg. No. 1), Answer and Counterclaim (Pldg. No. 35) and Third-Party Complaint (Pldg. No. 37).

F. Defendant further stipulates that the voluntary dismissal of his Counterclaim shall be deemed with prejudice, and that the unserved, Third-Party Complaint (Pldg. No. 37) shall be considered as served, but dismissed with prejudice.

G. The parties are to bear their own costs and attorneys' fees in processing this Judgment.

A Royal Flush, Inc.
By: Timothy F. Butler
Its: Secretary

Anir Arias

SO ORDERED,

Hon. Victor A. Bolden
Hon. Holly B. Fitzsimmons